UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA TURNIPSEED,<br><br>  Plaintiff,<br><br>  v.<br><br>EDUCATION MANAGEMENT LLC'S EMPLOYEE DISABILITY PLAN, and LIBERTY LIFE ASSURANCE COMPANY OF BOSTON<br><br>  Defendants.<br>_____ / | No. C 09-03811 MHP<br><br>**MEMORANDUM & ORDER**<br><br>**Re: Defendants' Motion to Dismiss** |

Lisa Turnipseed ("plaintiff") filed this action against Education Management LLC's Employee Disability Plan ("Education Management") and Liberty Life Assurance Company of Boston ("Liberty") (collectively "defendants") seeking long-term disability ("LTD") benefits that she alleges she were improperly denied under her LTD disability plan. Defendants now move the court to dismiss plaintiff's complaint, asserting that plaintiff failed to exhaust her administrative remedies, that her state law claims are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 et seq., and that Liberty is an improper defendant in this suit. Having considered the arguments of the parties and for the reasons stated below, the court enters the following memorandum and order.

BACKGROUND

Plaintiff was recently employed by Education Management and was the holder of a policy under the company's Employee Disability Plan ("the Plan"). Docket No. 1 (Compl.) ¶ 2. The Plan is sponsored by Education Management and insured by Liberty. Compl. ¶ 3; Docket No. 28 (McGee Decl.), Exh. A (LTD Summary Plan Description) at 2. At some point while she was working for Education Management, plaintiff became disabled and subsequently applied for short-term disability ("STD") benefits. Compl. ¶ 4; Docket No. 28 (McGee Decl.), Exh. B (Denial Letter). On June 23, 2009, plaintiff's application for STD benefits was denied. Compl. ¶ 5; *see* Denial Letter. On July 14, 2009, plaintiff's appeal of the denial was also denied. Compl. ¶ 6. Plaintiff filed this action on August 19, 2009 seeking LTD benefits and prejudgment interest. *See id.*

LEGAL STANDARD

I.      Motion to Dismiss

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed against a defendant for failure to state a claim upon which relief can be granted against that defendant. A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal may be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A motion to dismiss should be granted if a plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 (2007). This "[p]lausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950.

Allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The court

2

need not, however, accept as true pleadings that are no more than legal conclusions or the "formulaic recitation of the elements" of a cause of action. *Iqbal*, 129 S. Ct. at 1950; *see also Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). "[A] court may take judicial notice of 'matters of public record' " and may also consider "[d]ocuments whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading," without converting a motion to dismiss under Rule 12(b)(6) into a motion for summary judgment. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001) (quoting *Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)); *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). "The district court will not accept as true pleading allegations that are contradicted by facts that can be judicially noticed or by other allegations or exhibits attached to or incorporated in the pleading." 5C Wright & Miller, *Fed. Prac. & Pro.* § 1363 (3d. ed. 2004).

DISCUSSION

Plaintiff seeks LTD benefits that she is allegedly owed under the Plan, as well as prejudgment interest, at a rate of 10% pursuant to California Insurance Code section 10111.2, on the benefits she was denied. Defendants move to dismiss plaintiff's complaint on the grounds that (1) plaintiff has not exhausted the administrative remedies available to her with respect to her LTD benefits claim, (2) section 10111.2 is preempted by ERISA, and (3) Liberty is not a proper defendant.

I.  Exhaustion

Defendants first argue that any claim by plaintiff for LTD benefits should be dismissed because plaintiff has failed to exhaust the administrative remedies regarding that claim. Plaintiff contends that she should not be required to exhaust the administrative remedies for LTD benefits because doing so would be futile.

Although "ERISA itself does not require a plaintiff or beneficiary to exhaust administrative remedies in order to bring an action," it is widely accepted that " 'federal courts have the authority to

3

enforce the exhaustion requirement in suits under ERISA, and that as a matter of sound policy they should usually do so.' " *Vaught v. Scottsdale Healthcare Corp. Health Plan*, 546 F.3d 620, 626 (9th Cir. 2008) (quoting *Amato v. Bernard*, 618 F.2d 559, 568 (9th Cir. 1980)). Therefore, "an ERISA plaintiff claiming a denial of benefits 'must avail himself or herself of a plan's own internal review procedures before bringing suit in federal court.' " *Id.* (citing *Diaz v. United Agric. Employee Welfare Benefit Plan & Trust*, 50 F.3d 1478, 1483 (9th Cir. 1995)).

There is, however, an exception to the exhaustion requirement if the applicant can show that pursuit of the administrative remedies would be futile. *Id.* Administrative remedies will be deemed futile where the plaintiff can demonstrate that the administrator has prejudged the evidence and that the outcome is predetermined. *Diaz*, 50 F.3d at 1486. Such a showing cannot be based upon speculation or bare assertions. Rather, the pursuit of administrative remedies must be "demonstrably doomed to fail." *Id.*

Here, the bare bones nature of plaintiff's complaint has greatly complicated the task of resolving whether or not plaintiff has exhausted available administrative remedies. In her complaint, plaintiff asserts only a claim for LTD benefits. Compl. ¶ 1 ("This suit seeks review of a failure to extend benefits under a long term disability plan covered by ERISA."). Yet in the factual allegations of the complaint, plaintiff states generally that she was denied "disability benefits," failing to distinguish between STD and LTD benefits. Compl. ¶ 5 ("Plaintiff applied for disability benefits under the plan and her claim was denied on June 23, 2009."). Plaintiff does allege that she exhausted her administrative remedies for her claim of "disability benefits" by appealing the initial denial of benefits.

If, in fact, the "disability benefits" claim to which the complaint refers was for LTD benefits, plaintiff's complaint would clearly satisfy the exhaustion requirement. Defendants, however, have submitted copies of the denial letters sent to plaintiff, which match the dates identified in the complaint and whose authenticity plaintiff does not contest. Docket No. 28 (McGee Decl.) Exh. B (Denial Letter); Docket No.27, Exh. B (Denial of Appeal Letter).[1] These letters clearly indicate that the "disability benefits" claim referenced in the complaint was a claim for STD benefits. Plaintiff's

4

action before this court, however, is for LTD benefits. Accordingly, plaintiff must either plead that she exhausted her administrative remedies for LTD benefits or must allege facts sufficient to support a plausible inference that exhausting her administrative remedies with respect to a LTD benefits claim would have been futile.[2] Plaintiff's complaint does neither, and therefore, it must be dismissed.[3] The court dismisses the complaint without prejudice. In any amended complaint, which shall be filed within thirty (30) days, plaintiff must plead sufficient facts to support either exhaustion or futility for the LTD benefits claim.

II. Preemption

Defendants next argue that plaintiff's claim for prejudgment interest at a rate of 10% pursuant to California Insurance Code section 10111.2 is preempted by ERISA. Plaintiff argues that the claim is not preempted because it is a state law regulating insurance, and therefore falls under the ERISA savings clause, 29 U.S.C. § 1144(b)(2)(A).

"There are two strands to ERISA's powerful preemptive force." *Cleghorn v. Blue Shield of Cal.*, 408 F.3d 1222, 1225 (9th Cir. 2005). "First, ERISA section 514(a) expressly preempts all state laws insofar as they may now or hereafter relate to any employee benefit plan." *Id.* (internal quotations omitted). However, under the ERISA savings clause, state laws which regulate insurance, banking, or securities are saved from this preemption provision. 29 U.S.C. § 1144(b)(2)(A).

> Second, ERISA section 502(a) contains a comprehensive scheme of civil remedies to enforce ERISA's provisions. A state cause of action that would fall within the scope of this scheme of remedies is preempted as conflicting with the intended exclusivity of the ERISA remedial scheme, even if those causes of action would not necessarily be preempted by section 514(a).

*Cleghorn*, 408 F.3d at 1225 (citations omitted). Where a state law is preempted under section 502(a), the savings clause will not save the law from preemption. *Id.* at 1227 n.6.

A state-law cause of action will be preempted under section 502(a) where it "duplicates, supplements, or supplants the ERISA civil enforcement remedy." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004). The preemption of such state-law causes of action is necessary because otherwise, they would "conflict with the clear congressional intent to make the ERISA remedy exclusive . . . ." *Id.* A state statute that entitles plaintiffs to a greater scope of damages than is

5

provided under ERISA "upset[s] 'the careful balancing' Congress engaged in when crafting the 'limited remedies under ERISA.' " *Standard Ins. Co. v. Morrison*, 584 F.3d 837, 846 (9th Cir. 2009) (quoting *Aetna Health*, 542 U.S. at 215). "The state law may "[ensure] fair and prompt enforcement of rights' but at the cost of discouraging employers from creating plans." *Id.* (quoting *Aetna Health*, 542 U.S. at 215).

Here, plaintiff is attempting to use a state statute to set a mandatory 10% prejudgment interest rate on successful ERISA claims in California. This clearly supplements the exclusive remedy contemplated by Congress under ERISA, which contains no express provision for prejudgment interest. While it is true that courts nonetheless continue to award prejudgment interest on successful ERISA claims, *see e.g. Blankenship v. Liberty Life Assur. Co. of Boston*, 486 F.3d 620, 627-28 (9th Cir. 2007), the interest rate is set by the court after analyzing the "equities of [each] particular case" to determine an interest rate that will appropriately compensate the plaintiff. *See id.* at 628 ("[T]he interest rate prescribed for post-judgment interest under 28 U.S.C. § 1961 is appropriate for fixing the rate of pre-judgment interest unless the trial judge finds, on substantial evidence, that the equities of that particular case require a different rate."). As plaintiff notes, there have been several cases in which equity has favored the 10% rate prescribed by section 10111.2. However, those courts only imposed that specific interest rate after the merits of the case had been decided and in the face of irregular circumstances. *See Perez v. Cozen & O'Connor Group Long Term Disability Coverage*, No. CV 07-0837 DMS, 2008 WL 6693714, at *1-2 (S.D. Cal. Aug. 19, 2008) (awarding 10% prejudgment interest pursuant to section 10111.2 because plaintiff was forced to obtain a home equity loan and "the federal statutory interest rate would not fulfill the purpose of awarding interest"); *Arnett v. Hartford Life and Acc. Ins. Co.*, No. CV 05-01527 DDP, 2006 WL 5781982, at *5 (C.D. Cal. Dec. 19, 2006) (awarding 10% prejudgment interest pursuant to section 10111.2 because defendant was unreasonable in its determinations). These cases are the exception rather than the rule. Moreover, the Ninth Circuit has already decided that a district court may use its discretion to determine the appropriate prejudgment interest rather than being forced to defer to the 10% rate. *See Grosz-Salomon v. Paul Revere Life Ins. Co.*, 237 F.3d 1154, 1164 (9th Cir. 2001) (rejecting

6

plaintiff's claim for 10% prejudgment interest because evidence did not support divergence from the normal interest calculation).

In sum, allowing plaintiff to proceed with a state law claim under section 10111.2 would effectively impose a mandatory prejudgment interest rate of 10% on successful ERISA claims, expanding the scope of ERISA damages and supplementing the ERISA enforcement remedy. Therefore, the claim is preempted by section 502(a). Plaintiff's argument that the state law is saved from preemption under the ERISA savings clause does not apply where the law is preempted under section 502(a). Because the court's determination regarding preemption under section 502(a) resolves this issue in its entirety, the court need not and does not reach the issue of whether the section 10111.2 claim would also be expressly preempted under section 514(a). Further, the section 10111.2 claim is dismissed with prejudice, as no amendment to plaintiff's complaint could possibly save it from dismissal.

III. Proper Party

Finally, defendants argue that Liberty is not a proper party to this action because Liberty is not the plan or the plan administrator. Plaintiff argues that Liberty is the plan administrator or at least a co-administrator and is therefore a proper party.

Generally, a plaintiff seeking relief under ERISA, 29 U.S.C. § 1132(a)(1)(B)[4], may bring suit against the plan as an entity and/or the plan administrator, but not against a third-party insurer. *See Ford v. MCI Comm'ns Corp. Health & Welfare Plan*, 399 F.3d 1076, 1081 (9th Cir. 2005). ERISA defines the term "administrator" as (1) the person specifically so designated by the terms of the instrument under which the plan is operated; (2) if an administrator is not so designated, the plan sponsor; or (3) in the case of a plan for which an administrator is not designated and a plan sponsor cannot be identified, such other person as the Secretary may by regulation prescribe. 29 U.S.C. § 1002(16)(A). Therefore, the plan administrator is not determined by the actions or responsibilities of a particular party, but by the language in the coverage documents. Here, Education Management is listed as the "sponsor" on the LTD coverage documents and is therefore the plan administrator under the statute. Summary Plan Description at 2. Plaintiff does not dispute these facts but argues

7

that Liberty acted as a *de facto* plan administrator in light of Liberty's role under the plan, and is therefore still a proper defendant.

The Ninth Circuit has held that ERISA "does not permit suits against a third party insurer to recover benefits when the insurer is not functioning as the plan administrator." *Everhart v. Allmerica Fin. Life Ins. Co.*, 275 F.3d 751, 756 (9th Cir. 2001). This statement has been interpreted by some courts as leaving open the possibility that a third-party insurer may be properly sued where it *is* "functioning as the plan administrator." *See Cyr v. Reliance Standard Life Ins. Co.*, 525 F. Supp. 2d 1165, 1172 (C.D. Cal. 2007). The Ninth Circuit has provided little guidance as to how this determination should be made. In *Ford*, the Ninth Circuit expressly rejected the argument that an insurer was a plan administrator "because it had discretionary authority to determine eligibility for benefits." *Ford*, 399 F.3d at 1081-82. While this is of little use for determining when a third-party insurer *is* functioning as the administrator, it is informative as to when the insurer is not. A third-party insurer is not "functioning as a the plan administrator" and cannot be considered a *de facto* administrator merely because it has the discretion to determine whether benefits are owed. *Id.*; *see Blackwood v. Sun Life Assur. Co. of Can.*, No. CV 08-0074 AWI, 2008 WL 4681143, at *4 (E.D. Cal. Oct. 22, 2008) (citing *Everhart*, 275 F.3d at 754 n.3); *Patrick v. Hewlett-Packard Co. Employee Benefits Org. Income Protection Plan*, No. CV 06-1506 JMA, 2007 WL 3237172, at *4 (S.D. Cal. Oct. 31, 2007). Because plaintiff has not alleged that Liberty had a role in the Plan greater than that of a standard third-party insurer, it cannot be considered a plan administrator.

Additionally, although several courts have interpreted *Everhart* and *Ford* as leaving open the possibility that a third-party insurer may be sued as a *de facto* administrator, *see Cyr*, 535 F. Supp. 2d at 1172; *Blackwood*, 2008 WL at *3-4, it is not clear that those district court cases are in accord with the Ninth Circuit's true intentions in *Everhart* and *Ford*. *See Griffith v. Sun Life Assur. Co. Of Canada*, 143 Fed. Appx. 8, 10 (9th Cir. 2005) (unpublished) (holding that *Ford* effectively rejected the argument that a *de facto* plan administrator that "handled all aspects of enrollment, claim processing, and other tasks an administrator typically is responsible for" is a proper defendant under ERISA). Several courts within this Circuit have concluded that *Ford* effectively closed the door on

8

*de facto* administrator theory. *See Toohey v. Cigna Corp.*, No. CV 09-88 ST, 2009 WL 2169859, at *11 (D. Or. June 24, 2009); *Larson v. Providence Health Plan*, CV 08-929 JO, 2009 WL 562815, at *5 (D. Or. March 2, 2009).

Here, Education Management is the plan "sponsor" according to the coverage documents and thus the plan administrator as defined by the statute. Plaintiff has not alleged otherwise. Additionally, Liberty cannot be considered a *de facto* administrator because plaintiff has not alleged that Liberty's role in the Plan was anything greater than that of a standard third-party insurer with discretion to determine eligibility for benefits. Docket No. 1 (Compl.) ¶ 3 ("The Plan is insured by Liberty Life Insurance Company of Boston, which is the real party in interest in this claim for relief."). Even if plaintiff had alleged more, it is not clear that such a claim would be cognizable in the Ninth Circuit regardless of Liberty's role in the Plan. Therefore, defendants' motion to dismiss Liberty as a defendant is granted with prejudice.

CONCLUSION

Defendants' motion to dismiss is GRANTED with leave to amend. Plaintiff's claim under California Insurance Code section 10111.2 is DISMISSED with prejudice. All of plaintiff's claims asserted against defendant Liberty Life Assurance Company of Boston are DISMISSED with prejudice. Plaintiff's ERISA claim against defendant Education Management LLC's Employee Disability Plan is DISMISSED without prejudice. Plaintiff may file an amended complaint consistent with this order within thirty (30) days of the filing of this order. Defendant shall file its answer or otherwise respond within thirty (30) days of the filing of the amended complaint.

IT IS SO ORDERED.

Dated: January 12, 2010

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

9

## ENDNOTES

1. As a general practice, the court looks only at the four corners of the complaint when adjudicating a Rule 12(b)(6) motion. However, the Ninth Circuit has explained that "documents crucial to the plaintiff's claims, but not explicitly incorporated in his complaint" are admissible for a Rule 12(b)(6) motion. *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1998). This evidentiary rule "is supported by the policy concern underlying" the more general incorporation doctrine: "preventing plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claim is based." *Id.* The denial letters are "crucial" to plaintiff's claims; they are the essential pieces of evidence for establishing that plaintiff actually exhausted her claims, a prerequisite for being able to bring suit in federal court.

2. At least one court has held that exhaustion would be ile for a claim under an LTD plan where the plaintiff had pursued a claim under a more liberal short-term disability plan and that claim was denied. *See Darensbourg-Tillman v. Robins, Kaplan, Miller & Ciresi LLP Short Term Disability Plan*, No. CV 04-2903 AHM, 2004 WL 5603225 (C.D. Cal. Sept. 3, 2004). In *Darensbourg-Tillman*, the plaintiff applied for STD benefits, was denied, and exhausted available remedies. The plaintiff then filed an ERISA suit for both STD and LTD benefits. Judge Matz held that because the plan administrator determined that the plaintiff did not satisfy the more liberal definition of short-term disability, it would have been futile for the plaintiff to even file a long-term disability claim. Such a conclusion might be merited in the instant case. The sparseness of the complaint prevents the court from being able to conduct a proper analysis. Even if the court accepted the *Darensbourg-Tillman* court's futility reasoning, the court would be unable to determine whether the STD standard in this case is more or less liberal than the LTD standard.

3. It is not even clear from the complaint that plaintiff ever filed a LTD benefit claim.

4. Although plaintiff does not expressly specify which subsection of section 1132 under which she is suing, the court assumes this action arises under section 1132(a)(1)(B) because she is suing for benefits that she is allegedly owed.